## Riders in Appropriation Bills

SCHNADER, Attorney General, June 2, 1933.—You have asked to be advised what effect is to be given to the so-called riders in the General Appropriation Act passed at the 1933 session of the legislature and now before you for approval.

A typical example of these riders is that which follows the appropriation for the State-owned medical and surgical hospitals. It is as follows:

"Provided, That from the amount hereby appropriated the annual salary of any superintendent of a State medical and surgical hospital shall not exceed four thousand five hundred dollars ($4,500) including maintenance, the annual salary rate of any roentgenologist pathologist and interne shall not exceed five thousand dollars ($5,000) including maintenance, and no other employe shall receive a salary wage or other compensation exceeding an annual rate of four thousand dollars ($4,000) including maintenance . . ."

This proviso is not an appropriation but an attempt to limit salaries and thus to deprive the Executive Board of the power now conferred upon it by section 709 of The Administrative Code of 1929, P. L. 177, to classify State employes and fix their compensation.

Article III, sec. 15, of the Constitution provides that:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the Commonwealth, interest on the public debt and for public schools; all other appropriations shall be made by separate bills, each embracing but one subject."

Article III, sec. 3, of the Constitution exempts the general appropriation bill from the requirement that:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

In our opinion the rider we have quoted is unconstitutional as are all other attempts in the General Appropriation Bill to fix salaries by similar riders.

Persons affected by salary legislation are certainly entitled under article III, sec. 3, of the Constitution to notice that legislation on this subject is pending.

In addition, whether or not notice had been given in the title, article III, sec. 15, of the Constitution expressly prohibits the inclusion in this bill of anything other than appropriations, and salary regulations and limitations are not appropriations.

.Accordingly, we advise you that the salary limitations contained in House Bill No. 260 will not be effective, notwithstanding your approval of the bill.

Article IV, sec. 16, of the Constitution empowers the Governor to disapprove any item or items of any bill making appropriations of money embracing distinct items and provides that the part or parts approved shall be the law and the items disapproved shall be void. In Com. v. Barnett, 199 Pa. 161, 173 (1901), Mr. Justice Mitchell construed "part" and "item" as used in this section to be synonymous. Therefore, if any court should hold the riders in question to be "appropriations", they are necessarily "items" of the bill and as such may be vetoed.

For this reason we advise you that in acting upon the General Appropriation Bill you should veto these provisos if they do not meet with your approval.